UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REINALDO CHRINO RIVERO & KRIS STEFANY PINEDA TORREGROSA,<br><br>　　　　　　　　　　Petitioners,<br><br>v.<br><br>CHRISTOPHER LAROSE, WARDEN AT OTAY MESA DETENTION CENTER, ET AL.,<br><br>　　　　　　　　　　Respondents. | Case No.: 26cv753-LL-MSB<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 1] |

　　　Presently before the Court is Petitioners Reinaldo Chirino Rivero and Kris Stefany Pineda Torregrosa's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Petitioners filed the Petition on February 6, 2026. *Id.* Respondents filed a Return, and Petitioners filed a Traverse. ECF Nos. 3, 5.

　　　Petitioner Rivero is a Venezuelan national who entered the United States without inspection around December 25, 2022 and Petitioner Pineda is a Colombian national who entered the United States without inspection on or about December 25, 2022. Pet ¶ 1. Petitioners allege that their detention violates their rights as members "of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-1873-SSS-BFM (C.D. Cal.)." *Id.* ¶ 2. Petitioners seek a writ of habeas corpus directing Respondents to release them from custody or in the alternative order an individualized bond hearing by either this Court or the Immigration Judge. *Id.* at 14-15.

　　　Respondents concede in their Return that Petitioners are members of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*. ECF No. 3 at 2. Respondents

state that Petitioners are detained under 8 U.S.C. § 1226(a) and are entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a). *Id.* In their Traverse, Petitioners state that on February 9, 2026, ICE granted Petitioner Pineda's parole request and agreed to release her. Traverse at 2. However, Petitioner Chirino was denied bond on the basis that the Immigration Judge found that he did not have jurisdiction to hear the bond case under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). ECF No. 5 at 4 ("Order of Immigration Judge"). However, the Immigration Judge also found "alternatively, if this court had jurisdiction and based on the evidence presented, it would find [Mr. Chirino] does not present a danger to the community and grand bond in the minimum amount of $1,500, to address any concerns regarding risk of flight." *Id.*

Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1] Return at 2. Respondents "acknowledge that Petitioners are detained under 8 U.S.C. § 1226(a) and [are] entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." *Id.* Because Petitioner Chirigo has already had a bond hearing, however, the Court **GRANTS IN PART** Petitioner Chirigo's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to release Petitioner Chirigo on the same $1,500 bond and conditions of release as ordered by the Immigration Judge on February 9, 2026. The Petition as to Petitioner Pineda is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated:  February 10, 2026

Honorable Linda Lopez
United States District Judge

---

[1] On December 18, 2025, the *Bautista* Court entered final judgment concluding that the July 8, 2025, DHS Notice redefining who is considered an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) is unlawful under the Administrative Procedure Act. *Maldonado Bautista*, No. 25-cv-1873-SSS-BFM, ECF No. 94.